## JAMES ET AL. vs. JOHNSON, ADM'R.

[ACTION BY ADMINISTRATOR TO RECOVER MONEY OF DECEDENT'S ESTATE
LOANED BY HIM WITHOUT AN ORDER OF COURT.]

1. *Administrator, loan of money by; when a devastavit.*—No law of this
State forbids, in terms, an administrator to lend the money of an estate
which he represents. In so doing, he may or may not be guilty of a
*devastavit,* according to circumstances.

2. *Administrator, contracts made with; in what capacity may sue on.*—An
administrator may sue in his representative capacity, upon a contract
made with him in that character, or he may sue in his individual right.

3. *Abstract charge; when not ground for reversal.*—An abstract charge,
shown by the record not to have prejudiced the appellant, is no ground
for the reversal of a judgment.

APPEAL from the Circuit Court of Bibb.
Tried before Hon. B. L. WHELAN.

The facts are sufficiently stated in the opinion.

JOHN T. HEFLIN, for appellant.—The appellants insist
that the court erred in the charge given, and in the three
charges refused, all of which involve in substance the same
principle. The ground on which error is complained of in
these charges, is this—an administrator is not authorized
to loan out money which is assets of the estate he repre-
sents, without an order of court licensing such loan; if the
administrator loans money without such order, the loan is
a conversion of the money to his own use, for which the
administrator is responsible to the estate, but can not sue
on such unauthorized contract in his representative charac-
ter, and expose the estate to costs in suits on contracts he
has no power to make. If the administrator can recover on
such loan, it must be in his individual and not in his repre-
sentative capacity.—*Reynolds v. Tompkies,* 17 Ala. 109.

An administrator can not do a wrongful act, and thereby
acquire a right of action that will subject the estate he

represents to the hazard of costs or damages.— *Gilmer v. Weir*, 8 Ala. 72.

An administrator can not convert the property of the estate, and by the conversion acquire a right of action in his representative capacity, any more than by the sale of property at private sale, he could recover in his representative capacity. The reason of the rule is the same in each case; the loan of money without an order is a conversion which is prohibited by law ; the sale made privately is a conversion and prohibited ; hence, the administrator can not sue as such, because, in each case, he transcended his powers and acted individually, and can only recover individually, if at all.—*Fambro v. Gantt*, 12 Ala. 298.

J. H. CHAPMAN and WATTS & TROY, *contra*.—The plaintiff was authorized to recover the money loaned, whether loaned with, or without an order of court.

The rule in *Pertole v. Sheet*, 5 Porter, which has been followed by several later cases, only applies to actual conversion of the personal property of the estate. It is respectfully submitted that the reasoning of all these cases is erroneous. Suppose the administrator does an illegal thing in reference to the property of the estate ; sells without an order of court. The title of the property thus sold does not pass out of the estate. This illegal act of the person, who may be administrator, can not be said to be done in his *representative* capacity. In his *representative* capacity he *can not* do what the law forbids. As an *individual* he may be *estopped* by being in *pari delicto* with the defendant; but how can it be legally or logically said that *he*, in his *representative* capacity, is in *pari delicto*. How can it be legally, and logically said, that the estate he represents is in *delicto ?* He being the legal *representative of the estate*, ought to have the power to recover the *assets* of the estate.

The cases of *Pertole v. Sheet*, *supra ; Smith's Adm'r v. Snodgrass*, 17 Ala.; *Lay's Adm'r v. Lawson*, 24 Ala.; *Fambro v. Gantt*, were cases where the administrator-in-chief had sold or loaned property, such as negroes, &c., belonging to the estate. It was held that the title to this prop-

erty, thus illegally sold or loaned, had never passed out of the estate ; that the administrator-in-chief could not recover ; but that the administrator *de bonis non* could recover! Why ? Because the property thus sold or loaned, illegally, was *unadministered*—remaining in specie—and, therefore, the administrator *de bonis non*, had the right to recover it. But money has no *ear marks*. It is not the identical *money loaned*, which is here sought to be recovered ; and an administrator *de bonis non* could not recover the *identical money* loaned by the administrator-in-chief. He would only recover for so much money illegally loaned by his predecessor. Now, the administrator *de bonis non*, if he were to sue, must sue on the alleged illegal contract of his predecessor. And, if the administrator-in-chief would be *estopped* from a recovery on such illegal contract, the administrator *de bonis non* must likewise be estopped ; for he would sue on such illegal contract. If the thing illegally *loaned* was a horse, or a slave, which remained *in specie*, he might recover it as assets of the estate, remaining *unadministered* by his predecessor. But how can it be said that the money thus loaned remains, unadministered, *in specie?* But the defendants were estopped from denying the right of the plaintiff to recover ; they made the contract with him as administrator, and can not allege the illegality.—See *Grigsby, Ex'r, v. Nance,* 3 Ala. 347 ; *Harbin v. Levi,* 6 Ala. 399.

The case of *Tompkies v. Reynolds,* 17 Ala., shows that the defendants are bound to pay the money, either to the plaintiff, as an *individual,* or *as an administrator of the estate.*

They are estopped from denying his right to recover as administrator.—See *Grigsby v. Nance,* and *Harbin v. Levi,* 6 Ala., *supra.*

B. F. SAFFOLD, J.—The appellee, in his representative capacity as administrator of the estate of Elizabeth Johnson, sued the appellants, as partners, on a promissory note, made by them in his favor as such administrator. The complaint contained, also, a count for money loaned, and one on an account stated. Issue was joined on the pleas of *non assumpsit*, payment and set off. The note was

excluded as evidence for not being sufficiently stamped, but the evidence sustained the complaint that the money had been borrowed by the defendants of the plaintiff, and that it was assets of the estate of the intestate. There was no evidence to sustain the pleas, except of a partial payment, which was allowed. Judgment was rendered for the plaintiff. The appellant assigns as error—1st. A charge of the court that the loan of the money, without an order of the proper court authorizing him to do so, would not prevent the administrator from recovering, and the refusal to give charges asked by the defendants asserting the contrary proposition. There is no evidence in the record touching the question whether the loan was made under an order of court or not.

No law of this State forbids, in terms, an administrator to lend the money of the estate. His simple and ordinary duties are to collect the assets, pay the debts, and make distribution. Until prohibited by statute, he might sell or otherwise dispose of the personal property. A loan of money is not a sale of property, and it is questionable whether an order of the probate court would afford him any protection in the absence of statute authority conferring such jurisdiction. In making a loan the administrator may, or may not, commit a *devastavit*. If there was no necessity for such a disposition of the money, and it was needed for other legitimate purposes, he would certainly be guilty of waste, and liable to the creditors and distributees of the estate. But the law some times places him in positions, as in case of an estate kept together for a term of years, where it becomes his duty to make some profitable disposition of money accumulated. In such cases he is a *quasi* trustee or guardian, with the rights and liabilities of those fiduciaries.

In *Harbin v. Levi*, 6 Ala. 399, it was held that when a contract is made with an administrator, with reference to the personal assets of his intestate, he is not compelled to sue as administrator for its breach, although he may do so if he will. As the person contracting with him has dealt with him in his representative character, there is no reason why it should be alleged in the pleadings ; and, if

alleged, it will be considered as mere *descriptio personæ.*— See, also, 1 Chit. Pl. p. 20.

It was not necessary for the administrator to allege or prove that he loaned the money under an order of court; therefore, as there was no evidence on the subject, the charges asked were abstract, and properly refused. The abstract charge of the court is no ground for a reversal of the judgment, because the record shows that the appellants were not thereby prejudiced.—Sheph. Dig., Charge of Court, Abstract, p. 458, § 7.

The judgment is affirmed.