Barrett, J.
In such a case as this, section 364 of the Code reasonably construed with reference to its spirit authorizes the granting of a new trial upon the minutes. But apart from that provision there is inherent power. That is asserted in Algeo v. Duncan, *300 (39 N. Y. 314), and again in McDonald v. Walter (40 Id. 551). In the latter case it was held that the court had authority to set aside a verdict for inadequacy of damage. This although the section specifies excessive damage only.
On the merits Roberts v. Fisher (43 N. Y. 159) would be directly in point, if the shawls had not been taken as collateral security for Waitzfelder’s note. Does that change the aspect of the case % I think not. If the plaintiffs had relied solely upon the shawls they would have been received directly. It was the note, however, which was taken in payment, and it by no means follows that such note was not relied upon merely because the plaintiffs required it to be strengthened by collateral. The question on that head should have been submitted to the jury with instructions, in case they found for the plaintiffs, to take the value of the shawls into consideration in their estimate of the damages.
The motion for a new trial must be granted with costs to abide the event.