# N. Y. CITY COURT.

JAMES POLLOCK, plaintiff and respondent, agt. LEWIS C. WANNAMAKER, defendant and appellant.

*New trial after dismissal of complaint — When may be had — Code of Civil Procedure, section 999.*

Upon a trial by jury the trial judge may, in a proper case, award a new trial upon a dismissal of the complaint.

*General Term, October*, 1883.

APPEAL from an order granting a new trial.

*Edward C. Graves*, for defendant and appellant.

*George W. Blunt*, for plaintiff and respondent.

McADAM, *J.* — The trial judge discovered that he was in error in dismissing the plaintiff's complaint and entertained a motion for a new trial upon the minutes. The trial was had before a jury, and the application aforesaid was made during the term. The trial judge granted the application, and the defendant appeals from the order on the ground that the trial judge had no power to make it under the circumstances. We think he had, and that the language of section 999 of the Code of Civil Procedure is broad enough to comprehend such a case. That section authorizes the trial judge to set aside a verdict of the jury when contrary to the evidence or the law, and this whether the verdict was rendered by the mutual agreement of the jurors or by the direction of the trial judge. The evident design of that section was to allow the trial judge to correct whatever errors were committed during the trial of jury causes, by him or by the jury. If the trial judge had directed the jury to find a verdict for the defendant, it is conceded that he could lawfully have set it aside, but because he put this direction in the form of a

Pollock agt. Wannamaker.

dismissal of the complaint, it is contended that he has no such power, as the word dismissal does not appear in section 999 (*supra*). It is true that it does not appear there *eo nomine*, but it does appear by a proper legal interpretation of that section. The final disposition made by the court of the jury trial is to all practical intents a verdict, a term which literally means "a declaration of the truth." If a court directs a verdict it is in form the verdict of the jury, but in fact the verdict of the judge who directs it. If the trial judge may direct the verdict as to form and amount, what practical difference can there be, so far as this question is concerned, between a direction called a verdict and one called a dismissal? Either terminates the action, and either is subject to review on appeal, and why are they not reviewable in the same manner? The manifest object of this provision was to furnish a summary and inexpensive mode of correcting errors committed on a trial by jury without putting the aggrieved parties to the trouble, delay and expense of an appeal. The proper rule of construction in such a case is not to limit and circumscribe the power, but to add force and life to the remedy, according to the true intent and meaning of the makers of the act, *pro bono publico* (*Potter's Dwarris Statutes*, 184).

Under section 264 of the former Code (which is similar to section 999 of the new) judge BARRETT held that upon a trial by a jury the trial judge may award a new trial after a dismissal of the complaint (2 *Abb. N. C.*, 295). We concur in his reasoning and conclusions. In *Van Doren* agt. *Horton* (19 *Hun*, 7) a different conclusion was arrived at, but the court in that case said: "We have referred to the point rather for the purpose of indicating the correct practice than because of its bearing on the present case." The opinion was therefore *obiter dictum*. This decision was followed by judge FREEDMAN (1 *Civ. Pro. R.*, 292). Judge FREEDMAN did not examine the question, but assumed that it had been settled by the case in 19 *Hun* (*supra*), to which he refers. The same conclusion was incidentally declared in *Hill* agt.

*Hotchkiss* (24 *Hun*, 414). But the result was not reasoned out in any of these cases. It was rather assumed than discussed. While these decisions are entitled to respect, we do not regard them as conclusively establishing the practice. We must settle that for this court according to our understanding of the law. The question resolves itself into this : The trial judge, in the hurry of a jury trial, and without time for deliberation, made a palpable error. After consideration he corrected it. The order he made is conceded to be right; but we are requested to reverse the order to the end that the plaintiff, who was wrongfully defeated at the trial term, may either apply, on a case made, to some other justice at special term, or come back to the general term on an appeal from the order of dismissal, that the error conceded to exist may be corrected — that although the error may be corrected in that form, it cannot be cured in any other. This circumlocutory formula we are told has the sanction of the three cases before cited, and that we must therefore adopt it, however technical. We decline to do so. The provision under consideration does not in our judgment require such a sacrifice of substance for form. It is of a remedial character, and by giving effect to its spirit and intent the power is readily discovered, and we propose to give it effect. The construction we have put upon section 999 (*supra*) is not forced but reasonable, certainly more so than that put by the court of appeals (39 *N. Y.*, 314; 40 *id.*, 551) upon the provision of the Code authorizing a new trial for "excessive damages," and which that court held was sufficient to warrant a new trial for "inadequacy of damages." The court in those cases looked more to the intent and purpose of the provision under consideration than to the literal words of the act. We will follow this example in the interest of justice, good practice and sound construction. The order appealed from will therefore be affirmed, with costs.

HAWES, J., concurs.