Mayo v. Austin.

# City Court.

*Trial Term—February, 1885.*

## MAYO *against* AUSTIN ET AL.

A guardian may sue in his own name for a debt due to his ward, an administrator may sue in his own name for a debt due to the estate he represents, and a person appointed committee of a lunatic may sue in his own name on a promissory note given to him as such committee, and in neither case need the official designation of the party plaintiff be added to his name. The plaintiff in each of these cases is the trustee of an express trust and may sue in his individual name.

McADAM, Ch. J.—The plaintiff sues for goods sold and delivered to the defendants. The answer is a general denial. Upon the trial, the plaintiff testified that the property belonged to her son, and that in selling it she acted for him as guardian. The defendant moved to dismiss the complaint on the ground that, as the plaintiff had brought the action in her own name, and had not sued as guardian, the action was not maintainable.

The plaintiff, having actual possession of the property at the time of the sale, was not bound to prove her title (Fitzpatrick *v.* Caplin, 4 *E. D. Smith,* 165). But having volunteered the admission that the property belonged to her son, it seemed to me that she could not at pleasure convert an asset belonging to her ward into a judgment representing a debt due in her individual right and title, as this would on first impression seem to be adverse to the ward whose interests she was bound to protect. The complaint was, therefore, dismissed.

After examining the question, I have come to the conclusion that this was error. The following cases furnish the reasons: In Davis *v.* Carpenter (12 *How. Pr.* 27) it

was held that the committee of the person and estate of an habitual drunkard may maintain in his own name actions on promissory notes he received as such committee, and that it was not even necessary for the plaintiff to describe himself as " committee, &c."

In Thomas *v.* Bennet (56 *Barb.* 197) it was held that a general guardian appointed by the surrogate may maintain an action in his own name, as such guardian, to recover a debt due to the ward.

In Nichols *v.* Smith (*1 Hun*, 580) it was held that an action can be sustained by a plaintiff in his own name upon a foreign judgment recovered by him as administrator. The court proceeded upon the ground that " the debt sued for is in truth due to the plaintiff in his personal capacity, for he makes himself accountable for it by bringing his action, and he may well declare that the debt is due to himself."

In Merritt *v.* Seaman (6 *N. Y.* 168) it was held that an executor may at his option maintain an action in his own name or his representative capacity, upon a note given to him as executor for a debt due to the testator at the time of his decease.

The same principle was decided in 14 *Mass.* 327 ; 44 *Ala.* 629 ; 15 *Wisc.* 415 ; 6 *Barb.* 330 ; 47 *Id.* 523 ; 59 *How. Pr.* 24; 14 *Hun*, 593, and 5 *Sandf.* 433. The contract was made by the plaintiff for the benefit of another, and she is the trustee of an express trust within the meaning of section 449 of the Code.

The action was properly brought, and the motion for a new trial must be granted ; no costs (see 65 *How. Pr.* 508).