HANSOM WILLIAMS, Respondent, *v.* ELIPHALET AYLES-
WORTH, Appellant.

*Supreme Court, Fourth Department, General Term, September 19, 1889.*

1. *Evidence. Presumption.*—Where the delivery of a note of a third per-
son is contemporaneous with the purchase of the property or the con-
tracting of the debt, the presumption is that such note was agreed to
be taken in payment, and the burden of proving the contrary rests on
the creditor.
2. *Same. Parol.*—A written guaranty of collection cannot be varied by
evidence that the debtor verbally warranted that the note was good
and would be paid at maturity.

Verdict in the county court of Madison county. Ap-
peal from the judgment entered thereon. The complaint
sets out the fact that the plaintiff sold to the defendant cer-
tain personal property amounting in value to some $122.
The complaint alleges that the plaintiff paid $15.74 "in
cash thereon;" and it also alleges "and for the purpose of
paying or securing the balance of his said indebtedness to
plaintiff, the said defendant guaranteed and delivered to this
plaintiff a certain promissory note, of which the following is
a copy:

"$100.00                    PETERBORO, *April* 10, 1875.

"Five years from date we jointly and severally promise to
pay to E. Aylesworth, or bearer, the sum of one hundred
dollars with annual interest, for value received.

                              "GURNSEY HARDY,
                              "BERTRAM HARDY."

That before the delivery of said note to plaintiff, and as
an express condition of plaintiff's accepting the same, said
defendant guaranteed the collection of said note, in writing
on the back thereof, as follows, viz.:

" PETERBORO, *March* 9, 1879.

" I guarantee the collection of the within note.

" E. AYLESWORTH."

The complaint further alleges " that at the time of said delivery of said note to this plaintiff, the said defendant represented, promised and agreed that said note was good and that the said makers thereof would pay the same at maturity." Fol. 195. The complaint also contained a separate and another cause of action for property sold and delivered to the defendant.

The answer of the defendant alleges the purchase of certain personal property on the 9th of March, 1879, of the plaintiff ; and alleges that on the 15th day of April, 1879, the defendant " fully paid and discharged said indebtedness." And the answer further alleges, that on the 15th day of April, 1879, the defendant " sold and delivered said note to the plaintiff, said plaintiff at the time paying to said defendant the sum of $3.75 in money, that being the difference between the amount due upon said note, and the amount of this defendant's said indebtedness to plaintiff." It also avers the guarantee of the collection. It denies the representations alleged, and it also sets up the laches of the plaintiff in respect to the guarantee of collection.

After the plaintiff's evidence had been introduced, a motion was made in his behalf to conform the complaint to the facts shown, and also to set out more fully the representations in respect to the Hardy note. And further " that the note was taken and accepted by Mr. Williams, relying upon that statement and believing it to be true. That the statement at the time was in fact untrue ; that Mr. Hardy was not the owner of a farm entirely paid for, and that he was not good but was in fact worthless." Fol. 90. An objection was taken to the motion for an amendment, and it was allowed, and the defendant excepted.

*J. E. Smith*, for appellant.

*William G. Tracy*, for respondent.

HARDIN, P. J.—Conflicting evidence is found in the appeal book on the questions of fact presented to the jury. Among other questions submitted to the jury by the trial judge was the one as to whether or not the plaintiff could recover for the value of the property sold to the defendant, and connected with that question was submitted the inquiry as to whether or no the plaintiff accepted the Hardy note in discharge of the indebtedness or not. There was a conflict in the evidence in that regard; the defendant maintaining that the Hardy note was delivered with the guarantee of collection in payment and satisfaction, or in exchange for the property which he received of the plaintiff.

The trial judge in the course of his charge stated as follows: " I should say to you that when a creditor accepts from a debtor a note of a third person, to apply upon a precedent debt, the law presumes it not in satisfaction of the debt, and the burden of proof is upon a debtor to show that it was taken in payment, and satisfaction of the debt. This is the presumption the law raises in a case where a man lets another have a note of a third person to apply upon a debt which he then owes the person to whom he transferred the note." The defendant's counsel took an exception to that portion of the charge which we have quoted.

It seems to have been assumed at the trial that the delivery of the Hardy note was contemporaneous with the purchase of the property or contracting of the debt to the plaintiff. Under such circumstances the presumption is that the Hardy note " was agreed to be taken in payment and the burden of proving the contrary rests on the creditor." Noel *v.* Murray, 13 N. Y. 168.

In Gibson *v.* Tobey, 53 Barb. 195, MARVIN, J., said: " The fact of a simultaneous exchange is the evidence from which the agreement is presumed. This presumption is not conclusive. The party taking the note may show that it

was not the agreement that he should take the note at his own risk, in exchange for his property." He followed the doctrine which he had laid down in Noel *v.* Murray, *supra,* fourteen years previous. The conclusion reached, however, was reversed by the court of appeals, as appears by Gibson *v.* Tobey, 46 N. Y. 637; however, not upon the question referred to in the quotation which we have just made from Judge MARVIN's opinion.

In 46 N. Y. 643, in delivering the opinion in Gibson *v.* Tobey, CHURCH, Ch. J., said: "And when a creditor has an option, to receive money or a note of a third party, and he accepts the latter, it will be presumed that he receives it with the same effect as if he had received the money. St. John v. Purdy, 1 Sand. S. C. R., 9."

If the jury found that the note of the Hardys was not received in payment, and, therefore, the defendant was indebted for the purchase-price of the property sold, their conclusion may have been influenced by the language of the charge which we have quoted; therefore the defendant may have been prejudiced by the language used by the trial judge. We are not warranted by anything found in the appeal book in concluding that the error found in the charge did not prejudice the defendant. Of course it is possible to conjecture that the verdict of the jury was placed upon other ground which was litigated.

These views lead to a new trial.

Judgment reversed on the exceptions and a new trial ordered, with costs to abide the event.

MERWIN, J.—The plaintiff was allowed to prove, in substance, that the defendant verbally warranted that the note was good and would be paid at maturity.

This varied the written agreement represented by the written guaranty of collection. In Van Brunt *v.* Day, 81 N. Y. 251, a parol agreement was allowed to be shown, because it did not qualify or change the defendant's written

guaranty. In the present case, it would, and therefore would be inadmissible.

There is, I think, as the case stands, no question of fraud in it. That question is not presented by the pleadings, and was not submitted to the jury. In the absence of fraud, the writing cannot be contradicted or varied. The plaintiff had, as the court held, lost by his laches his remedy on the written guaranty. He should not, in order to avoid this result, be allowed to prove an inconsistent parol agreement on the same subject. Upon this ground, I favor a reversal.

MARTIN, J. (dissenting).—On the 10th and 28th of March, 1879, the defendant purchased of the plaintiff certain personal property, for which he agreed to pay $96.25. By the terms of the sale, he was to pay the money for the property thus purchased, or give his note for a short time. The property was delivered to the defendant in March, 1879. Fols. 98–102. In the forepart of April, and after such sale and delivery, the parties entered into an arrangement, whereby the defendant delivered to the plaintiff a note made by Gurnsey and Bertram Hardy, given to secure the payment of the sum of $100, the defendant guaranteeing the collection of the same. The plaintiff paid the defendant $3.75, the difference between the amount of such debt and note.

Whether the plaintiff accepted this note and guaranty in payment of defendant's indebtedness to him, or whether it was taken by the plaintiff conditionally, and upon the representation and warranty of the defendant that the makers were good, and that one of them was the owner of an unincumbered farm, was the question chiefly litigated on the trial.

The evidence of the plaintiff tended to show that the note was taken conditionally, and upon the representations of the defendant, and not in reliance upon the note or guaranty, and that the plaintiff did not see or know what was written upon the back of the note by the defendant when it was delivered to him, while the evidence of the defendant tended

to show that the note and guaranty were accepted in absolute payment of the plaintiff's debt.

On the trial the court charged the jury as follows : " When a creditor accepts from a debtor a note of a third person to apply upon a precedent . debt, the law presumes it not received in satisfaction of the debt, and the burden of proof is upon a debtor to show that it was taken in payment and satisfaction of the debt. This is the presumption the law raises in a case where a man lets another have a note of a third person to apply upon a debt which he then owes the person to whom he transferred the note." To this portion of the charge the defendant duly excepted. I do not think this exception well taken. The law as stated by the court seems to be well established in this state. Noel *v.* Murray, 13 N. Y. 167; Smith *v.* Ryan, 66 N. Y. 354; Gibson *v.* Tobey, 46 N. Y. 637; Hall *v.* Stevens, 40 Hun, 581 ; Glenn *v.* Burrows, 37 Hun, 605; Catlin *v.* Munn, Id. 34.

It is said, however, that this note was not transferred for a precedent debt, but transferred at the time of the sale and delivery of the property in question, and hence the charge was misleading. The evidence as set forth in the appeal book does not justify that claim. The plaintiff testified that the defendant sought to have him take the note in question, and that he refused to do so, and requested the defendant to give his own note, to which he replied, " All right, we will fix that up." He then testified that about a week after that, and after the delivery of the property in question, he met the defendant at the village of Peterboro, and he said to the plaintiff, " Come over to my house and we will fix up that matter; " that he went; and it was then that the note in question was transferred. The defendant testified that he bought the most of the property on the tenth day of March, and the remainder on the twenty-eighth of the same month ; that he took possession of that bought March tenth on the next day, March eleventh; that he had taken the property

4

when he saw the plaintiff in the forepart of April; that it was then arranged that the plaintiff should take the note in question, and that it was then transferred to him.

Hence, we see that the testimony of both the plaintiff and defendant was to the effect that the note in question was transferred to the plaintiff for a precedent debt. Moreover the defendant, in his verified answer in effect, alleges that the note was taken in payment of a precedent debt. I am, therefore, of the opinion that the portion of the charge thus excepted to was proper, and that the court committed no error in its instructions to the jury upon that question.

The appellant also contends that the court erred in admitting parol evidence as to the transfer of the note in question, and as to what occurred between the parties at the time. I do not think so.

Where, on the sale of goods, the vendor takes the note of a third person payable at a future date at his own risk, and there is a fraudulent representation on the part of the vendee as to the note, the vendor may bring his action for the goods sold and delivered. Willson *v.* Foree, 6 Johns. 110; Pierce *v.* Drake, 15 Id. 475; Galoupeau *v.* Ketchum, 3 E. D. Smith, 175.

Where an obligation of a third person is accepted in payment of an indebtedness upon a mistaken belief as to his solvency, the person receiving the same is entitled to recover upon the original indebtedness. Duden *v.* Waitzfelder, 16 Hun, 339; Roberts *v.* Fisher, 43 N. Y. 159.

This rule may apply even where the debtor gave the creditor at the same time with it substantial collateral security for its payment. Duden *v.* Waitzfelder, 2 Abb. N. C. 295.

Where notes of a third person are received as payment for property previously purchased, upon the purchaser guaranteeing that the maker is responsible, and that if he does not pay he will, such guaranty is evidence that the notes were not received as absolute payment, whether the guaranty is valid or void, and the creditor, when the note becomes due

and is unpaid, may sue the original debt and cancel the collateral security on the trial. Allen *v.* Bantel, 2 T. & C. 342.

As substantially the only question at issue between the parties was whether the Hardy note was transferred to and received by the plaintiff in absolute payment of his debt, or whether it was received conditionally, it seems to me that the evidence of what was said and done by the parties at the time of such transfer was admissible, and that the court committed no error in admitting the evidence and submitting the question of the defendant's liability for such debt to the jury.

The rule prohibiting the reception of parol evidence varying or modifying a written agreement, does not apply when the orignal contract was verbal and entire and a part only was reduced to writing, nor does it apply to a collateral undertaking ; these facts are always open to inquiry and may be proved by parol. Chapin *v.* Dobson, 78 N. Y. 74 ; Van Brunt *v.* Day, 81 Id. 251 ; Juilliard *v.* Chaffee, 92 Id. 529 ; Eighmie *v.* Taylor, 98 Id. 289 ; Dodge *v.* Zimmer, 110 Id. 43.

The evidence introduced bore upon the question whether the note and written guaranty was accepted by the plaintiff in payment of his debt, or whether it was taken conditionally and in reliance upon the alleged representations of the defendant as to the responsibility of the makers.

The plaintiff clearly had the right to show that it was taken conditionally and in reliance upon the defendant's statement. Such proof was not, I think, violative of the rule prohibiting the admission of parol evidence to vary or modify a written agreement between the parties.

Nor do I think it was error for the court to charge : " If, however, you find that the plaintiff's claim is correct that he received this note for the purpose and under the representations and warranty and promise which the plaintiff testifies to, then he is entitled to recover the amount due him upon

the sale of the property to the defendant, provided you find that those representations and that warranty were not true ; that the makers were not good and responsible.'' The authorities previously cited seem to justify this portion of the charge.

It is also contended that the pleadings in this action were insufficient to justify the admission of evidence of the attendant circumstances, and what was said and done by the parties when the note in question was delivered to the plaintiff, and of the representations and warranty made by the defendant at that time. I think otherwise.

The indebtedness of the defendant, which was the basis of the only cause of action submitted to the jury, arose upon the sale and delivery to the defendant of certain personal property. The defendant, by his answer, admitted the indebtedness, and that it was a precedent debt, but alleged payment by the sale and delivery to the plaintiff of the Hardy note. Presumptively the transfer of this note did not discharge the plaintiff's debt. It was in reply to the defendant's defense of payment that the plaintiff was allowed to introduce this evidence.

The purpose of the evidence was not to establish the plaintiff's cause of action, but to avoid the defendant's defense of payment by showing that the note was not received in absolute payment of the plaintiff's debt, but was only received by the plaintiff conditionally and in reliance upon the representations and statements of the defendant as to the solvency of the makers.

Thus it is seen that such evidence was received merely in reply to or in avoidance of the defense set up by the defendant. Hence, no reply was necessary to enable the plaintiff to introduce such proof, nor was it necessary that the facts constituting such reply or avoidance should be set forth in the complaint.

If the plaintiff was induced to accept this note in payment of his debt by the fraudulent representations of the defendant

as to the solvency of the makers, or if it was transferred and accepted upon the mistaken belief that the makers were solvent, and that one of them was the owner of an unincumbered farm, and such belief was induced by the statements and representations of the defendant, it becomes quite manifest that the plaintiff was entitled to prove those facts in reply to and to avoid the defendant's answer and proof that the note was taken in absolute payment of the defendant's debt. I think the evidence objected to was proper and clearly admissible.

The other questions presented by the appellant have been examined but disclose no error which requires or would justify a reversal of the judgment herein. These considerations lead me to the conclusion that the judgment in this action should be affirmed.

Judgment of Madison county court reversed on the exceptions and a new trial granted, with costs to abide the event.

---

### Note on " Payment by Note or Check."

The transfer of a check on account of an indebtedness, where there is no agreement that it is to be taken in absolute satisfaction thereof, operates as a provisional payment only. Carroll *v.* Sweet, 128 N. Y. 19.

The debt remains until discharged by payment of the check or by such dealing with it, as in judgment of law, converts what was originally a conditional into an absolute payment. Id.

In Schuyler *v.* Ross, 59 Hun, 628, the acceptance of a check received with a statement of account was held to estop the party from claiming that it was not in full payment of the account.

As to when the acceptance of a check, drawn upon a bank which subsequently fails, is not payment, see Thomas *v.* Supervisors, etc., 115 N. Y. 47.

The taking of a debtor's note does not merge or extinguish the demand for which it was taken. Hill *v.* Beebe, 13 N. Y. 556 ; Gregory *v.* Thomas, 20 Wend. 17 ; Waydell *v.* Luer, 5 Hill, 448 ; Cole *v.* Sackett, 1 Id. 516. The original demand is not extinguished, though it is expressly agreed to take the note in satisfaction. Id.; Hawley *v.* Foote, 19 Wend. 516 ; Frisbie *v.* Larned, 21 Id. 450.

The delivery of a check does not operate as payment of an existing debt. Carroll *v.* Sweet, 57 Supr. 100. A receipt, given upon the delivery of a check acknowledging the receipt of money, adds nothing to the effect of

such delivery, and is subject to parol proof as to its real import. Id. ; Bradford *v.* Fox, 38 N. Y. 289. In an action for the collection of a pre-existing debt, the burden of proving payment is upon the defendant. Id. Proof of the delivery to, and receipt by, the plaintiff of a check is not sufficient. Id. The defendant must go further and show that, by the laches of the plaintiff, he has suffered a loss. Id.

The payment of a judgment by the debtor's note is sufficient, when it is accepted and the judgment discharged by the creditor. Guinnip *v.* Close, 19 W. Dig. 226.

As to when a transfer of a firm note by a partner in payment for property purchased for his individual use, does not operate as a payment against his co-partner. Clift *v.* Moses, 112 N. Y. 426 ; 41 Hun, 640.

The extinguishment of the collateral notes discharges the original debt. Griggs *v.* Day, 58 Supr. 385.