Judge BARRETT, on making the order setting aside the judgment by default against defendant Young, which order is referred to in the opinion in this case, on July 22, 1887, filed the following memorandum:

"The plaintiff's practice here has been irregular, and cannot be commended. The defendant, in case there had been a live plaintiff on the record, would have been bound to answer the amended complaint, as the latter alleged a different sum of money to be due from the sum specified in the original complaint. He might have denied, under oath, owing the larger sum, but be unable to deny owing the smaller sum. But this error did not justify the plaintiff's subsequent course. She proceeded in the cause without regard to the omission to answer the amended complaint; and, while there may have been no technical waiver, there certainly was enough to render the entry of judgment without notice both irregular and improper. But, further, the plaintiff subsequently found it necessary to amend, herself, and that on notice to this defendant. Having brought her suit in the name of a deceased person, she was given leave to amend by inserting her own name as plaintiff. Clearly, she should have served an amended complaint, and the defendant should have had the legal time to admit or deny her allegations as to his indebtedness to her. Instead of that, she proceeded to enter judgment on the old default claimed as between the deceased person and the defendant, disregarding all that had occurred, and giving no notice as required by law. The judgment must be vacated, with costs, with leave to plaintiff to serve her complaint, and with leave to defendant to answer it, when served, in twenty days."

---

### WILLIAMS *v.* AYLESWORTH.

(*Supreme Court, General Term, Fourth Department.* September 19, 1889.)

For opinion of MERWIN, J., and dissenting opinion of MARTIN, J., see 7 N. Y. Supp. 111.

HARDIN, P. J., (*concurring.*) Conflicting evidence is found in the appeal-book on the question of fact presented to the jury. Among other questions submitted to the jury by the trial judge was the one as to whether or not the plaintiff could recover for the value of the property sold to the defendant, and connected with that question was submitted the inquiry as to whether or not the plaintiff accepted the Hardy note in discharge of the indebtedness. There was a conflict in the evidence in that regard; the defendant maintaining that the Hardy note was delivered with the guaranty of collection in payment in satisfaction, or in exchange for the property which he received of the plaintiff. The trial judge, in the course of his charge, stated as follows: "I should say to you that when a creditor accepts from a debtor a note of a third person, to apply upon a precedent debt, the law presumes it not in satisfaction of the debt, and the burden of proof is upon a debtor to show that it was taken in payment and satisfaction of the debt. This is the presumption the law raises in a case where a man lets another have a note of a third person, to apply upon a debt which he then owes the person to whom he transferred the note." The defendant's counsel took an exception to that portion of the charge which we have quoted. It seems to have been assumed that the de-

livery of the Hardy note was contemporaneous with the purchase of the property or contracting of the debt to the plaintiff. Under such circumstances the presumption is that the Hardy note "was agreed to be taken in payment, and the burden of proving the contrary rests on the creditor." *Noel* v. *Murray*, 13 N. Y. 168. In *Gibson* v. *Toby*, 53 Barb. 195, MARVIN, J., said: "The fact of a simultaneous exchange is the evidence from which the agreement is presumed. This presumption is not conclusive. The party taking the note may show that it was not the agreement that he should take the note at his own risk, in exchange for his property." He followed the doctrine which he had laid down in *Noel* v. *Murray, supra,* 14 years previous. The conclusion reached, however, was reversed by the court of appeals, as appears by *Gibson* v. *Toby*, 46 N. Y. 637; however, not upon the question referred to in the quotation which we have just made from Judge MARVIN's opinion. In 46 N. Y. 643, in delivering the opinion in *Gibson* v. *Tobey,* CHURCH, Ch. J., said: "And when a creditor has an option to receive money or a note of a third party, and he accepts the latter, it will be presumed that he receives it with the same effect as if he had received the money. *St. John* v. *Purdy,* 1 Sandf. 9." If the jury found that the note of the Hardys was not received in payment, and therefore the defendant was indebted for the purchase price of the property sold, their conclusion may have been influenced by the language of the charge which we have quoted; therefore the defendant may have been prejudiced by the language used by the trial judge. We are not warranted by anything found in the appeal-book in concluding that the error found in the charge did not prejudice the defendant. Of course, it is possible to conjecture that the verdict of the jury was placed upon other ground which was litigated. These views lead to a new trial. Judgment reversed on the exceptions, and a new trial ordered, with costs to abide the event.