176 So. 350
## HANOVER FIRE INS. CO. v. STREET et al.

### 8 Div. 752.

Supreme Court of Alabama.

Oct. 7, 1937.

Rehearing Denied Oct. 28, 1937.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

W. R. Bradford, of Birmingham, and O. D. Street, Jr., of Montgomery, for appellees.

FOSTER, Justice.

This is a bill in equity to set aside a judgment rendered at law. Its equity was upheld .in one aspect on a former appeal. Hanover Fire Ins. Co. v. Street, 228 Ala. 677, 154 So. 816. The judgment sought to be vacated was rendered on April 1, 1931, and recites that plaintiff came and withdrew counts 1, 2, 3, and 4, and added an amendment, which includes 15 counts, which left also the original counts 5 and 6. Demurrers had been filed to the original complaint. The court in a judgment dated April 1, 1931, overruled those demurrers to counts 5 and 6, as originally filed, and the judgment then recites that defendant, being called upon further to answer the complaint, says nothing. Thereupon, a judgment nil dicit with writ of inquiry was rendered, and it was executed. The time expired within which an appeal could be taken before this bill was filed. There was then no method of review or power to vacate the judgment except by bill in equity,. except to the extent that it may be void or spurious.

The theory on which its equity was sustained was that defendant's counsel lived outside the county and was not notified of the setting of the case for trial, as required by section 9487, Code; with a showing of a meritorious defense to the action at law.

The trial court denied relief on a consideration of the evidence, and proceeded to fix the amount of the claim, from which was deducted the amount of the premium unpaid on the alleged insurance contract, and rendered judgment for the difference.

The original bill sought, in the alternative of other claims made, to have this set-off decreed.

We think we may pass the question of fact as to whether the required notice was given appellant's counsel as to the setting of the trial, and whether they were negligent in the matter, by assuming that such notice was not given and that counsel were not negligent. We are rather impressed that such is the proper interpretation of the evidence, which would justify the relief, if appellant had proven his defense.

The suit was in two aspects; one based on a verbal contract of fire insurance, and the other on a verbal contract to renew an existing policy of insurance on the same property, which was breached, in that no such renewal policy was issued. They allege a consideration for the contract in either aspect, and state a valid cause of action. Globe & Rutgers Fire Ins. Co. v. Eureka Sawmill Co., 227 Ala. 667, 151 So. 827.

Appellant alleges as one meritorious defense that no such contract was made, either of insurance, or to issue a renewal policy at the expiration of that then existing. Other defenses go to breaches of conditions in the policy alleged to have been renewed or which was agreed to be renewed.

All the authorities hold that complainant in such a suit must allege and show that he was deprived of making a good and meritorious defense. Barrow v. Lindsey, 230 Ala. 45, 159 So. 232, where many cases are cited. The burden is therefore upon him to show that his defense is meritorious.

But the effect of complainant's equitable right, when shown, is to reopen the litigation for trial in the court of equity, with the same burdens to be borne by each party as if the cause were being retried at law. This seems to be the implication of the authorities. Noble v. Moses, 74 Ala. 604, 616, 617; 34 Corpus Juris 442, § 695.

Some of the authorities assert that it is only necessary to make out a prima facie showing of meritorious defense, so that the court may be satisfied that there is a substantial, not technical, controversy, when a new trial at law will be decreed. See 3 Freeman on Judgments, § 1190, at page 2473; 1 Black on Judgments § 351, pp. 547, 548; 34 Corpus Juris 442, § 695; Id. p. 494, note 76.

But in our practice, we think the procedure adopted extends to a trial of the case in the same cause after the judgment is opened on the issues of merit as though it were being so tried at law. We have not found any of our cases in which this question was considered on appeal, though we find that in Fields v. Henderson, 161 Ala. 534, 50 So 56, relief was denied complainant because the proof did not support the special defense to an action on a note, but was granted in Raisin Fertilizer Co. v. McKenna, 114 Ala. 274, 21 So. 816, when complainant made satisfactory proof of his defense. (Since writing the foregoing, our attention has been called to our case of Timmerman v. Martin, post, p. 622, 176 So. 198).

When a jury is demanded in the trial of an action at law and the meritorious defense asserted in such a bill as this is one that is dependent upon conflicting proof, and complainant in equity asserts and demands his right to such a trial of which he was deprived without his fault and under circumstances which justify a vacation of the judgment, we will not say that he is not entitled to such a trial by ordering the issue tried by a jury in equity. Code, § 6631; 34 Corpus Juris 499, notes 59, 60, and 61.

No such claim was here made, though a jury trial was demanded at law, and no ruling on that subject is here intended. We refer to it as it affects the burden of proof on the trial which was here conducted.

After complainant has established a right in equity to set aside the judgment on some recognized ground, and shows the existence of a substantial controversy, which is predicated on a plea denying the allegations of the complaint by which the burden would be on plaintiff on a trial at law, the same burden should be the rule of a trial of that issue in a suit such as this. Crafts v. Dexter, 8 Ala. 767, 42 Am.Dec. 666.

That does not mean that appellees must prove all the allegations of the complaint as would be necessary on the trial at law with the general issue; for here the only matter alleged in the complaint as to which the bill shows a controversy is the existence of the verbal contract sued on. As to that it must, as it does, specifically deny its execution when the burden to prove it falls on appellees, plaintiffs at law. All other matters set up as a meritorious defense are by way of confession and avoidance, and the burden is on complainants, defendants at

law, to prove them in this suit as they would have on a trial at law.

■■ We will endeavor to analyze the effect of the evidence on that basis. We will first consider the claim that there was neither a contract of insurance nor to insure made by this appellant.

The property burned was a dwelling house. It had belonged to M. L. Street, deceased, former wife of O. D. Street, Sr., who died prior to October 8, 1925, on which date appellant issued a policy of insurance on said house for three years, expiring October 8, 1928. The fire occurred on January 29, 1929. The policy recited that the insured were "O. D. Street, or executors of Mary L. Street and John C. Street." No new policy was issued to become effective at its expiration, or was in existence on the date of the fire, in so far as this appellant is concerned.

The rights of appellees depend upon the existence of a verbal agreement. It is not necessary to review the evidence in detail, but we find that it shows that during the existence of the policy which appellant issued, and in May, 1926, Mr. Street had occasion to review with appellant's agent the amount of his fire insurance on this property, when a memorandum was made and signed by the agent showing this policy, with others, and at the end was a statement, "Will be renewed"; and shortly after the expiration of the policy the agent told Mr. Street he had renewed it. They also had other conversations before it expired, in which the agents were told to keep up the policies, and they agreed to do so.

When the fire occurred, claim was made on this contract as on others. Both the agent and Mr. Street conducted themselves as though they understood that this insurance was renewed, but neither could find the policy nor that it had been reported to appellant. It seems reasonably certain that they both intended to renew the policy and agreed upon its renewal, but the agent neglected to write it up. As we pointed out in the case of Globe & Rutgers Fire Ins. Co. v. Eureka, supra, when a proper inference from the evidence is that the agent was acting for a certain company in that connection, and with due authority, his agreement, though verbal, is that of the company.

This was not the initiation of a new act of business by an agent of several companies without designation of the particular company which was to carry the coverage, but it was in relation to the renewal of an existing policy in a certain company, so that all the features of the contract were agreed upon, with an implied promise to pay the reasonable amount of premiums on such a policy. There was nothing left to uncertainty or so as not to be made certain by what was agreed by the parties. No element of a valid contract was thereby wanting.

At the time of the issuance of the policy by appellant, which was to have been renewed, and which was to extend from October 8, 1925, to October 8, 1928, the title to the property was controlled by the will of Mrs. Mary L. Street, by which the property in question was devised to "O. D. Street for and during his natural life. At his death or on his remarriage it is to go in fee simple to my son John." In 1927, Mr. Street did remarry. By that circumstance, he ceased to have any personal interest in this property, but the fee-simple title then vested in John C. Street, one of the plaintiffs in whose favor judgment was rendered, with O. D. Street, suing as an individual, not as an executor of said estate; so that when the policy was renewed in the terms of the old one, he personally had no insurable interest in the property, but its sole title and ownership was in John C. Street, one of the plaintiffs. O. D. Street did not sue as executor. He and his son, Oliver Day Street, were named coexecutors, with authority to serve jointly or severally. We do not find from the record to whom letters testamentary were issued, and there has arisen no controversy about that. In several portions of the testimony, O. D. Street, Sr., is referred to as executor. The estate was indebted to him personally, as the evidence shows.

The judgment here sought to be set aside was rendered in favor of O. D. Street and John C. Street. There is no liability claimed in the complaint for the benefit of the estate as such.

■ It is said in 24 Corpus Juris 732, § 1807, that on all causes of action which accrued during the life of decedent, the executor must sue in his representative capacity, and not otherwise. 11 R.C.L. § 329, page 286. But in section 1808 the rule is also asserted that in causes which arise subsequent to his death, the executor may sue in his individual capacity. This rule is supported by other authorities. In 11 R.C.L. page 287, § 330, the text states it to

be that when the contract or transaction which is the basis of the suit is one to which the representative was a party, as a promise made to the representative, he may bring the suit either in his individual or representative capacity as he may elect; and it is not necessary for him to prove his representative capacity. See, also, 24 Corpus Juris 736, § 1812. This principle is also approved by our cases: Erwin v. Hill's Adm'r, 51 Ala. 580; James v. Johnson, 44 Ala. 629; Sims v. Boynton, 32 Ala. 353, 354, 70 Am. Dec. 540; Harbin v. Levi, 6 Ala. 399.

■ After a fire or other insurance loss occurs, the suit at law must under section 5699, Code, be maintained by the beneficial owner of the claim. Life & Casualty Ins. Co. v. Crow, 231 Ala. 144, 164 So. 83, and cases cited. But that rule has no application to equity. Huddleston v. Fuller, 229 Ala. 74, 155 So. 556, and cases cited.

■ In a suit such as this, the equity court will not be controlled by the question of whether the sole beneficial owner sued alone in the action at law in which the judgment sought to be vacated was rendered, provided the beneficial owner is before the court as a party. In equity, all persons interested are proper, and sometimes necessary, parties. Under section 6645, Code, and perhaps without it, such court will determine what party is entitled to relief, and grant it, barring the claims of other parties.

■ The policy sued on is payable, as we have said, to "O. D. Street or executors of Mary L. Street, and John E. C. Street." When considered in the light of the surroundings known to appellant's agent, writing the former policy and agreeing to the new contract of insurance, that could well be interpreted as being "O. D. Street, individually, or as an executor of Mary L. Street, and John E. C. Street." So that under the rule we have stated, O. D. Street, while the executor, could recover for the estate what may be due it under the contract, though he does not claim as a party to the suit in his representative capacity. Any amount so recovered will be chargeable to him as executor in settling his accounts. This is so though there may be another joint executor, especially since it was with him that the contract was made. When the verbal contract of insurance became effective, O. D. Street, individually, probably had no insurable interest. As executor he might have had. See American

Equitable Assur. Co. v. Powderly C. & L. Co., 225 Ala. 208, 142 So. 37; 1 Cooley's Briefs on Insurance, pages 223, 224.

■ John C. Street undoubtedly owned the fee, subject to the statutory rights of the executor, as well as those conferred by the will. No one else is shown to have had an interest at that time. So that the combined interest of the executor and John C. Street was an unconditional and sole ownership in fee simple. Though O. D. Street individually is named as an insured, it is so only in the alternative as executor. Though he may have had no interest individually, he had a limited interest as executor which under some conditions is insurable, and which, when united with the fee simple owner, brings into the insurance contract by the insured the sole and unconditional ownership in fee simple, in compliance with the conditions of the policy.

No effort is sought to determine the respective rights of O. D. Street as executor and John C. Street. There may be no controversy between them. If there is, no such suggestion is here made, and any such controversy is not here foreclosed. With that we have nothing to do.

■ Contention is also made that the judgment as rendered on April 1, 1931, was done without authority of law because there is an entry on the minutes adjourning the court sine die on March 30, 1931. The record shows that on March 30, 1931, the court was regularly organized with Judge Paul Speake presiding by special assignment by order of the Chief Justice. We know judicially that day was Monday. After the organization of the court, it rendered various judgments and orders on the same day, and on March 31, April 1, 2, 3, and 4, when the grand jury made its report, and an adjournment ordered to April 6th, and again adjourned to April 10th, when a judgment was entered and adjourned to April 13th, when judgments were entered and adjourned to June 1, 1931, when a judgment was entered, followed by an adjournment sine die, dated March 30, 1931. This was evidently intended for June 30th, when the court adjourned and recessed by operation of law. But assuming that the order was made on March 30, it did not prevent the court from proceeding to transact business subsequent to that date, extending to the last Saturday in June. Section 6667, Code; Carothers v. Callahan, 207 Ala. 611, 93 So. 569.

544

It is also contended that after the presiding judge entered a bench note for the judgment and left, and was succeeded by another judge, the latter made an amendment showing a ruling on demurrers. The judgment as entered on the minutes was complete. If the court had no power to render it on account of the adjournment sine die, or if the added feature was made without authority the remedy was to expunge it because spurious. Ex parte City Bank & Trust Co., 200 Ala. 440, 76 So. 372; Hynes v. Underwood, 191 Ala. 90, 67 So. 994. All such questions were subject to review at law, and do not furnish a meritorious defense to the cause of action, nor support the equity of the bill. The equity of the bill is predicated upon a valid judgment, subject to be vacated in a court of equity on some equitable principle, and on showing a meritorious defense.

Appellant also complains that the court was without power to render a judgment for appellees without a cross-bill. The substance of what was done was to correct the judgment at law so as to allow an offset which complainant claimed in the original bill, though the decree is not in that form. Appellant sought to vacate the judgment alleging meritorious defenses, among them, the set-off. The court granted relief to that extent, of which appellant cannot complain.

Moreover, when a complainant in a bill seeking relief with respect to a debt claimed by defendant, offers, as he must, to pay what is found to be due, if anything, the court, on finding something due, may render a decree granting such relief to defendant as the facts warrant without a cross-bill. Dean v. Coosa County Lumber Co., 232 Ala. 177, 167 So. 566; Thomas v. Barnes, 219 Ala. 652, 123 So. 18; Seed v. Brown, 180 Ala. 8, 60 So. 98; Alston v. Morris, 113 Ala. 506, 20 So. 950; Mooney v. Walter, 69 Ala. 75.

That is the situation here. In no respect therefore is there error in the decree prejudicial to appellant.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.