153 So. 775

### FEDERAL LAND BANK OF NEW ORLEANS v. MULKEY.

#### 4 Div. 703.

Supreme Court of Alabama.
March 1, 1934.

Rehearing Denied April 12, 1934.

B. W. Smith, of Samson, and Goodwyn & Goodwyn, of Montgomery, for appellant.

Mulkey & Mulkey, of Geneva, for appellee.

Statement.

BROWN, Justice.

The trial court sustained the defendant's demurrers to the several counts of the complaint, in consequence of which plaintiff took a voluntary nonsuit and appealed.

The action is special assumpsit to recover the balance alleged to be due on a mortgage debt contracted by one G. D. Grantham after foreclosure of the mortgage under the power of sale, the purchase of the property by the plaintiff, and a credit of the proceeds of the

sale on the debt, leaving a balance of $11,-000. All of the counts aver that the mortgage was executed to *the defendant*.

The original complaint avers, inter alia: "That on or about the 30th day of June, 1926, the defendant purchased said lands at and for a total purchase price of, towit: $20,000.-00, and as a part of the consideration for the purchase of said lands, assumed the payment of the indebtedness of $18,000.00 *owing to the defendant*, as evidenced by said note and secured by said mortgage, and his assumption of said indebtedness was duly accepted by plaintiff." That because of the nonpayment to plaintiff of the installment due December 1, 1930, under the terms of said note and mortgage, plaintiff declared the whole debt due and foreclosed and purchased the property at and for the sum of $7,300, which purchase price was credited on the debt, leaving a balance due on Grantham's debt "assumed by said defendant, *as aforesaid*." (Italics supplied.)

The averments of count A are in substance the same as the original count, and this count likewise avers: "That on or about the 30th day of June, 1926, the defendant purchased said lands at and for a total purchase price of, towit, $20,000.00, and as a part of the consideration for the purchase of said lands, assumed the payment of the indebtedness of $18,000.00 *owing to the defendant*, as evidenced by said note and secured by said mortgage, and his assumption of said indebtedness was duly accepted by plaintiff." (Italics supplied.)

This count further avers that by an instrument in writing, a copy of which is made exhibit to the count, the defendant, Mulkey, *"certified"* to plaintiff "that he had purchased said above described lands from the courts of Alabama and G. D. Grantham, at and for the sum of $20,000.00, of which $2,000.00 was cash and $18,000.00 was by assuming the said mortgage of Grantham to the Federal Land Bank of New Orleans * * * and that under the terms of said instrument he ratified and agreed to carry out all *conditions and stipulations contained in the original application of said G. D. Grantham,* and in all papers executed by him incident to his loan through the Woodrow Wilson National Farm Loan Association of Geneva, Alabama, which loan was made to said G. D. Grantham by plaintiff; and that said defendant became a stockholder in the Woodrow Wilson National Farm Loan Association in lieu of the said G. D. Grantham. * * * And plaintiff avers that the said W. O. Mulkey, in accordance

with the certificate and statement made by him, as set forth in the instrument hereto attached marked Exhibit A, was duly elected a member of said * * * Association and thereby *became the transferee and owner of the capital stock in said Association* amounting to the value of $900.00 theretofore owned by said G. D. Grantham." (Italics supplied.)

Count B, after stating the amount of the plaintiff's claim, the execution of a note to plaintiff, and the execution of the mortgage *to defendant* on certain lands, further avers: "And plaintiff claims that by the terms of an instrument executed by defendant to plaintiff, *defendant agreed to pay said indebtedness* and a copy of said instrument, marked Exhibit A, is hereto attached as a part of this count as if fully set out herein." (Italics supplied.)

Said exhibit, omitting the description of the land, is as follows:

"Exhibit 'A'

"Transfer Form July 12, 1926 Loan 47464

"To the Woodrow Wilson National Farm Loan Association of Geneva, Ala., and the Federal Land Bank of New Orleans. I, W. O. Mulkey, hereby certify that I have purchased of The Courts of Ala. and G. D. Grantham, a member of your association, the following described property, to-wit: * * * on which property the said G. D. Grantham has secured a loan through your association from The Federal Land Bank of New Orleans, in the sum of $18,000.00, said loan being evidenced by deed of trust of date of August 8th, and being recorded on page 441 of Book 194 of the records of mortgages and land deeds of said County.

"I hereby apply for membership in your Association and ask that the stock of said G. D. Grantham in same be transferred to me.

"In consideration of the acceptance of my application for membership in said Association, and of this transfer by the said Bank, with the reservation that neither the original borrower nor any subsequent transferee shall be released from the obligation until it is fully paid, *I hereby ratify and agree to carry out all conditions and stipulations contained in the original application of said G. D. Grantham and in all papers executed by him incident to his loan thru your association.* (Italics supplied.)

"Witness my signature, this 30 day of June, 1926. W. O. Mulkey, Purchaser. "Witness: Thomas Gilley.

"I, G. D. Grantham, a member of said Woodrow Wilson National Farm Loan Association, holding 180 shares of stock in same, having sold my lands as above described and so mortgaged, to above applicant for membership; hereby ask that you grant the above application of W. O. Mulkey for membership in your Association, and that you transfer my stock in said Association to him, and I thoroughly understand that neither the above association nor the Federal Land Bank of New Orleans can release me from liability for the indebtedness until the same is fully repaid.

"Witness my signature, this the 30 day of June, 1926. G. D. Grantham, Vendor. "Witness: Thomas Gilley.

"At a meeting of the Woodrow Wilson National Farm Loan Association, held on the 30th day of June, 1926, W. O. Mulkey was elected a member of said Association and the Secretary was authorized to transfer to him the stock in said Association owned by G. D. Grantham.

"Will the Purchaser live on the land? No. If not, who will cultivate it? A lot of share croppers.

"The Woodrow Wilson Farm Loan Association.

"Thomas Gilley, Secretary.
"J. L. Shaw, President.

"Geneva, Ala.

"I further certify and declare that the terms and conditions and amount of the purchase price of said lands are as follows:

| | |
|---|---|
| Cash, 2000.00................ | $ 2000.00 |
| By assuming mortgage to F. L. Bank ..................... | 18000.00 |
| By assuming or executing other mortgage ..................... | |
| By trading other property valued at ......................... | |
| Total purchase price ........ | $20,000.00 |

"W. O. Mulkey, Purchaser."

Said count B does not allege the substance and legal effect of the said application of Grantham, nor set them out in hæc verba.

None of the counts avers as a fact that the defendant purchased the mortgaged lands from the mortgagor, or that he ever in any way acquired any right, title, or interest therein from the mortgagor, or otherwise.

Among other grounds of demurrer to the complaint were the following:

"(4) Under the law, the plaintiff is without authority to accept a new debtor with respect

to the mortgage debt, unless and until the lands in question and embraced in the mortgage are sold by the mortgagor.

"(5) It is not alleged who sold the lands at which the defendant became the purchaser.

"(6) It is not shown how or what manner the defendant assumed the payment of the indebtedness due under said mortgage.

"(7) It is not shown whether or not such assumption was in writing.

"(8) It is not shown that there was any consideration moving to the defendant for the assumption of said debt.

"(9) It is not shown that the plaintiff, as result of such assumption, and as a part thereof, suffered any detriment.

"(10) It appears that there was an attempted novation of debtors, and it does not appear that the original mortgagor assented thereto, or took any part therein. * * *

"(16) The statement that defendant assumed the payment of the indebtedness is but a conclusion of the pleader.

"(17) The facts with respect to the assumption of the debt by the defendant should be set out. * * *

"(a) It does not appear that at the time of the purchase of the lands described by the defendant, that the said lands were sold to him by the mortgagor. * * *

"(c) Under the law there could be no assumption by the defendant of the mortgage debt, unless and until the mortgaged lands were sold to him by the mortgagor.

"(d) Under the law, the plaintiff is without authority to accept a new debtor with respect to the mortgage debt, unless and until the lands in question, and embraced in the mortgage are sold by the mortgagor to him."

### Opinion.

[■ While it is well settled that it is permissible in pleading a contract in writing to set it out in hæc verba, or state its substance and legal effect, nevertheless the averments of the pleading must show a binding legal obligation. Crumpton v. Campbell (Ala. Sup.) 152 So. 220; 1 McGowin Lumber & Export Co. v. R. J. & B. F. Camp Lumber Co., 192 Ala. 35, 68 So. 263; Doullut & Williams v. Hoffman, 204 Ala. 33, 86 So. 73; Mayor and Aldermen of City of Ensley v. J. E. Hollingsworth & Co., 170 Ala. 396, 54 So. 95.

■ And if the contract is not in writing importing a consideration, the pleading must affirmatively allege a consideration supporting the contract. Globe & Rutgers Fire Insurance Co. of New York v. Eureka Sawmill Co., 227 Ala. 667, 151 So. 827; Newton et al. v. Brook, 134 Ala. 269, 32 So. 722.

■ The practice of incorporating, in a complaint, writings not sufficient in themselves to establish a binding contract, but which, at best, are evidence tending to show such contract, has been repeatedly condemned; this, for the reason that on demurrer the averments of the pleading must be construed most strongly against the pleader, and all intendments resolved against him. Ingalls Steel Products Co. v. Foster & Creighton Co., 226 Ala. 122, 145 So. 464; Globe & Rutgers Fire Ins. Co. v. Eureka Sawmill Co., supra; Southern Railway Company v. Hanby, 183 Ala. 255, 62 So. 871.

"Certainty to a common intent in pleading is essential to the due administration of justice, and it cannot be abolished. By certainty causes and issues are identified for the determination of jurisdiction, and thereby the protection of parties against repeated trials of the same case, the finality of elections of remedies, the comity of courts, and other conserving principles of procedure are assured. * * * And, to come nearer to the needs of the instant case, certainty in some degree is required to give adversary parties reasonable notice of what they must be prepared to meet, and to speed the disposition of causes under their merits." Woodward Iron Co. v. Marbut, 183 Ala. 310, 313, 314, 62 So. 804, 805; Schwartz Motor Co. v. Bradley Real Estate & Ins. Co., 220 Ala. 295, 125 So. 26.

■■ Application of these well-settled rules of pleading to the original complaint and count A of the complaint as amended, makes it clear that the demurrers were properly sustained. If, as these counts aver, the mortgage was executed to the defendant to secure an indebtedness due and owing to him, though the note was executed to plaintiff, the plaintiff, so far as appears, was without authority to exercise the power of sale under the mortgage, or to claim and recover any balance remaining due after such foreclosure. The power of sale inures to the benefit of the person entitled to the money secured by the mortgage. Code 1923, § 9010; Kelly v. Carmichael, 217 Ala. 534, 117 So. 67.

The recitals in Exhibit A, made a part of count B, that, "In consideration of the acceptance of my application for membership in said Association, and of *this transfer by the*

---

*said Bank * * * I hereby ratify and agree to carry out all conditions and stipulations contained in the original application* of said G. D. Grantham and in all papers executed by him incident to his loan through your association," in the absence of the stipulations in the application, are uncertain of meaning, and on their face do not import a binding obligation to pay the mortgage debt to plaintiff secured by a mortgage executed to *the defendant.* Therefore, the averment in said count, "And plaintiff claims that by the terms of an instrument executed by defendant to plaintiff, defendant agreed to pay said indebtedness," is but the conclusion of the pleader, and the ground of demurrer taking this point was well taken.

There is an absence of an affirmative averment, in either of the counts of the complaint, that the defendant purchased the mortgaged lands from the mortgagor, and in connection with such purchase assumed the payment of the mortgage debt, or that defendant has acquired from the mortgagor, or through him, the mortgagor's equity of redemption in said mortgaged lands. As pointed out above, the mere representation or certification by the defendant, in said Exhibit A, that he purchased from "the Courts of Alabama and G. D. Grantham," though that paper may be evidence going to show a purchase from Grantham, this form of statement does not meet the requirements of the rules of good pleading.

■ One of appellee's contentions is that the Federal Land Bank was without authority to accept from a third party who had not purchased from the mortgagor, or acquired the mortgagor's rights and title to the property under foreclosure of the said bank mortgage, or by inheritance under the statute of descent and distribution, an assumption of the mortgage debt. This contention is based on the provisions of section 12 of the Federal Farm Loan Act (39 U. S. Stat. p. 370), restricting the powers of Federal Land Banks, enumerating the purposes of loans, limiting the amount of loans, providing for appraisals, reappraisals, and specifying persons entitled to loans, regulating sales, and specifying the rights of the personal representative and heirs of the mortgagor, in the event of his death. 12 USCA p. 516 et seq., § 771.

Subsection 6 of said section provides: "No such loans shall be made to any person who is not at the time, or shortly to become, engaged in the cultivation of the farm mortgaged. In case of the sale of the mortgaged land, the Federal land bank may permit said mortgage and the stock interests of *the vendor* to be assumed by the purchaser. In case of the death of the mortgagor, his heir or heirs, or his legal representative or representatives, shall have the option within sixty days of such death, to assume the mortgage and stock interests of the deceased." (Italics supplied.) Title 12 USCA, p. 516, § 771, subsec. 6.

The express purpose of the act was to authorize the organization of Federal Land Banks, through which farmers, who were or intended to immediately engage in the cultivation of the lands mortgaged, could obtain financial assistance on the amortization plan running through a number of years at a nominal interest rate, and to protect the interests of such farmers; said subsection 6 clearly limits the powers of such banks to accept as substituted debtors, in lieu of such mortgagors, purchasers who acquired the mortgagor's interest through the mortgagor, and in case of the mortgagor's death, his personal representative or heirs at law. Expressio unius est exclusio alterius. Arthur v. Cumming et al., 91 U. S. 362, 23 L. Ed. 438; 25 C. J. pp. 220, 221.

The appellant cites two cases to uphold the sufficiency of its complaint, which we will now notice.

In Scott v. Federal Land Bank of Louisville, Ky., 92 Ind. App. 249, 175 N. E. 16, Ernestes and wife, after executing a first mortgage to the Federal Land Bank, executed a second mortgage on the mortgaged lands to James B. Scott, who, after default, foreclosed and became the purchaser of the lands and received a deed from the sheriff who conducted the foreclosure, and thus acquired the equity of redemption in the lands directly through Ernestes and wife, and made application to the Land Bank to be accepted as a substituted mortgage debtor to it, and was so accepted.

In Federal Land Bank of Columbia v. Shingler et al., 174 Ga. 352, 162 S. E. 815, 817, Hall, the mortgagor, after executing the first mortgage to the Land Bank, executed "to Shingler a series of notes in excess of $10,000; also a second deed with power of sale to the same property. * * * In the year 1924 Hall defaulted in the payment of his obligations both to the Land Bank and to Shingler, and agreed verbally to reconvey the land to Shingler in consideration of the assumption by Shingler of the Land Bank loan and the satisfaction of Hall's indebtedness to Shingler." Shingler thereafter made application to the Land Bank to be permitted to

assume Hall's debt to the bank, and his application was accepted and approved. Thus Shingler acquired the title of Hall in the mortgaged lands through the conveyance from Hall.

The holdings in these cases in no way conflict with the principles we have stated, or militate against the construction which we place upon the act of Congress.

Our judgment, for the reasons stated, is that the demurrers to the complaint were properly sustained.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.