IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

_____

| | |
|---|---|
| MID-STATE ADVERTISING d/b/a THE NASHVILLE SCENE, | FROM THE DAVIDSON COUNTY CIRCUIT COURT THE HONORABLE HAMILTON GAYDEN, JUDGE |
| Plaintiff-Appellee, | Davidson Circuit No. 94C-2085 |
| Vs. | C.A. No. 01A01-9504-CV-00157 |
| DOUGLAS SARMENTO, | *AFFIRMED AND REMANDED* |
| Defendant-Appellant, | Opinion Filed: |

**FILED**

**October 4, 1995**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

Phillip B. Jones of Evans, Jones & Reynolds of Nashville, For Appellee

Steven L. Williams of Bunstine, Watson & Williams of Knoxville, For Appellant

_____

MEMORANDUM OPINION[1]
_____

*CRAWFORD, J.*

This appeal involves a suit on a guaranty agreement. Defendant, Douglas Sarmento, appeals from the trial court's order granting plaintiff, Mid-State Advertising, d/b/a "The Nashville Scene," summary judgment. The only issue on appeal is whether the trial court erred in granting summary judgment.

Plaintiff filed suit against defendant in general sessions court for sums due under a guaranty agreement signed by defendant. After judgment was entered for plaintiff in general sessions court, defendant appealed to circuit court. Plaintiff filed a motion for summary judgment supported by the affidavit of Ms. Lara Lee Williams, defendant's answers to interrogatories, and defendant's

---

[1]Rule 10 (Court of Appeals). <u>Memorandum Opinion</u>. -- (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

response to request for admissions.

The supporting documents establish that defendant was employed by Jack Webb Carpeting, Inc., (also known as Jack Webb Carpet) from August 31, 1988, to August 31, 1989, and that while employed in that capacity he made a credit application with plaintiff on behalf of Jack Webb Carpet. Defendant signed this credit application individually as a guarantor. The language above the signature of defendant on the guaranty states:

> This guarantee shall be enforceable as to all of Advertiser's debts, liabilities and obligations incurred despite Advertiser's discharge, bankruptcy or adjustment to such debts, liabilities and obligations pursuant to some other compromise with creditors.
>
> This instrument shall be a continuing guarantee and shall remain in full force and effect until written notice is received by you from me that I desire to be released from further or future liability hereunder.

Defendant signed the guaranty of his own free will and absent any duress. The affidavit of Ms. Lara Lee, the accounts receivable supervisor for plaintiff. stated that plaintiff's policy and practice require a personal guaranty for the extension of credit for advertising except with certain exceptions. Defendant's employer was not included as one of the exceptions.

Defendant's response to the summary judgment motion is supported by defendant's affidavit which we quote:

> 1.  At the time I signed exhibit 1 to this affidavit (hereinafter referred to as the "Credit Application,") I was an employee of Jack Webb Carpeting, Inc.; I held no ownership interest in Jack Webb Carpeting, Inc., nor was I a corporate officer of said corporation.
>
> 2.  When I signed the Credit Application it was not my understanding that I was signing a guaranty that personally bound me to be responsible for all future debts incurred by Jack Webb Carpeting, Inc. with the plaintiff.
>
> 3.  The language contained at the bottom of the Credit Application below the heading "Statement of Responsibility" was not pointed out to me by any representative or agent of the plaintiff, nor were the

2

terms contained therein discussed with me, nor were the terms physically conspicuous to me.

4. The credit policy and procedures contained in paragraph 6 of the affidavit of Ms. Lara Lee attached to plaintiff's motion for summary judgment were never explained to me and I first became aware of these procedures when my attorney provided me a copy of her affidavit in September, 1994.

5. I first became aware that the plaintiff was seeking to bind me to this "guaranty" contained in the Credit Application when I was served with a Civil Warrant on January 12, 1994 more than four years after the last payment was reportedly made on the Jack Webb Carpeting account with the plaintiff.

A trial court should grant a motion for summary judgment when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Tenn.R.Civ.P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). When a motion for summary judgment is made, the Court must consider the motion in the same manner as a motion for directed verdict made at the close of plaintiff's proof; that is, "the court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party and discard all countervailing evidence." *Byrd*, 847 S.W.2d at 210-11. The phrase "genuine issue" as stated in Tenn.R.Civ.P. 56.03 refers to genuine, factual issues and does not include issues involving legal conclusions to be drawn from the facts. *Id.* at 211 (citing *Price v. Mercury Supply Co.*, 682 S.W.2d 924, 929 (Tenn. App. 1984)). In *Byrd*, the Court stated:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn. 1978); *Merritt v. Wilson City Bd. of Zoning Appeals*, 656 S.W.2d 846, 859 (Tenn. App. 1983). In this regard, Rule 56.05 provides that the

3

> nonmoving party cannot simply rely upon his pleading but must set forth *specific facts* showing that there is a genuine issue of material fact for trial. "If he does not so respond, summary judgment . . . shall be entered against him." Rule 56.05.

*Byrd*, 847 S.W.2d at 211 (Emphasis in original).

Tenn.R.Civ.P. 56.05 provides in pertinent part:

> 56.05. Form of Affidavits; Further Testimony; Defense Required Supporting and opposing affidavits shall be made on personal knowledge, *shall set forth such facts as would be admissible in evidence*, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. (Emphasis supplied).

Defendant argues that he did not intend to be personally liable when he signed the credit application, and therefore, he should not be bound to the terms of the agreement. As a general rule, a "guarantor in a commercial transaction is to be held to the full extent of his engagements, and the rule in construing such an instrument is that the words of the guaranty are to be taken as strongly against the guarantor as the sense will admit." *Wilson v. Kellwood Co.*, 817 S.W.2d 313, 318 (Tenn. App. 1991) (citing *Farmers-Peoples Bank v. Clemer*, 519 S.W.2d 801 (Tenn. 1975)).

The real question in this case is whether there is any admissible evidence in defendant's affidavit which creates a genuine issue of material fact. The agreement signed by defendant is clear and unambiguous. Parol evidence is not admissible to vary the plain meaning of a contract's terms where there is no ambiguity in the contract. *Jones v. Brooks*, 696 S.W.2d 885, 886 (Tenn. 1985). The parol evidence rule is not merely a rule of evidence but one of substantive law. *Maddox v. Webb Constr. Co.*, 562 S.W.2d 198, 201 (Tenn. 1978).

The general rule is that a person's obligation in a written contract cannot be avoided on the ground that he did not read the instrument and did not know the terms thereof. *DeFord v. Nat'l Life & Accident Ins. Co.*, 182 Tenn. 255, 266, 185 S.W.2d 617, 621 (1945). A succinct statement of the controlling law is found in

4

*Beasley v. Metropolitan Life Ins. Co.*, 190 Tenn. 227, 229 S.W.2d 146 (1950):

> "To permit a party, when sued on a written contract, to admit that he signed it but to deny that it expresses the agreement he made or to allow him to admit that he signed it but did not read it or know its stipulations would absolutely destroy the value of all contracts." 12 Am.Jur., 629. "In this connection it has been said that one is under a duty to learn the contents of a written contract before he signs it, and that if, without being the victim of fraud, he fails to read the contract or otherwise to learn its contents, he signs the same at his peril, and is estopped to deny his obligation, will be conclusively presumed to know the contents of the contract, and must suffer the consequences of his own negligence." 17 C.J.S., Contracts, § 137, pages 489, 490.
>
> "It will not do, for a man to enter into a contract, and, when called upon to respond to its obligations, to say that he did not read it when he signed it, or did not know what it contained. If this were permitted, contracts would not be worth the paper on which they are written. But such is not the law." *Upton v. Tribilcock*, 91 U.S. 45, 23 L.Ed. 203; *Berry v. Planters Bank*, 3 Tenn. Ch., 69; *Lockhart v. Moore*, 25 Tenn. App., 456, 466, 159 S.W.2d 438; *Federal Land Bank of Louisville v. Robertson*, 20 Tenn. App. 58, 63, 95 S.W.2d 317.

190 Tenn. at 232, 229 S.W.2d at 148.

Since the statements in defendant's affidavit are not admissible in evidence, there are no disputed material issues of fact; therefore, plaintiff is entitled to a judgment as a matter of law. Accordingly, the trial court did not err in granting summary judgment.

The order of the trial court granting summary judgment is affirmed, and this case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant.

_____
W. FRANK CRAWFORD, JUDGE

CONCUR:

_____
HEWITT P. TOMLIN, JR.,
PRESIDING JUDGE, W.S.

5

_____
ALAN E. HIGHERS, JUDGE